Daniels, J.
The action was brought to recover the possession of government bonds and a bond and mortgage owned by the deceased intestate in his life-time. Prior to the time of his decease these securities passed into the-possession of the defendant, and, by way of defense to the action, it was alleged in her behalf that they were given to her by the intestate in expectation, of his impending decease. He was at that time confined to his residence by an illness, which soon afterwards resulted in his death; and these securities-were at that time in the possession or subject to the control of the defendant.
To maintain the defense it was indispensable that the defendant should,; prove, as a fact, -that these securities had been so donated to her by the intestate in view of his approaching decease. When they were demanded from heron behalf of the administrator, she asserted the fact to be that they had been so given her by the intestate; and to that extent this assertion was evidence in. her favor. And in the course of her examination as a witness in the action she also stated that the intestate gave her the pocket-book containing these; securities. But she did not state, and was not competent as a witness to testify, that they were given to her by him to vest her with the title to them in-, the event of his decease from the illness by which he was at that time affected.. Her evidence went no further than to show the manner in which she had! become possessed of the pocket-book containing the securities. To prove thatafgift of the securities had in fact been made to her, reliance was mainly placedl upon the evidence of Valentine Bendle. He testified that he was present on-one occasion during the illness of the intestate, when the latter asked the defendant if she had got his pocket-book yet, and she replied that she had, and *759 went out of the room, and, upon returning, showed it to him. Then the witness testified that the intestate said: “All right, keep it. What is in there— them papers and everything—belong to you. Keep them. If anything should happen to me, use them for yourself. They belong to you.” And this evidence was again repeated by the witness, in the further progress of his examination ; and it did tend directly to establish such a gift of the securities as was relied upon for a defense to the action. But he was interrogated in his cross-examination as to whether he had not stated to Gustave V. Heinrich about four months prior to the trial, and in the store of the latter, that lie knew nothing about the pocket-book, or the bond, or the bond and mortgage of this property, and did not know anything about it. He denied having made this statement; and, after the close of the evidence for the defendant, Heinrich was put upon the stand, and testified that he had a conversation with Bendle, in which he said that he did not know anything about the bonds or about the woman. This was a direct contradiction of the testimony of Bendle upon a very material circumstance in the case, and it tended to reduce the credit which the jury would otherwise have been entitled to give to his evidence as a witness.
There was other evidence in the case concerning statements made by the intestate that he intended to take care of, or do well by, the defendant; and also showing the services that she and her daughter had rendered to the intestate in managing and taking care of his property and his residence. But this evidence was only indirectly connected with the controversy between the parties. It tended, at the most, to disclose a probability that the intestate would give a portion of his property to, or otherwise provide for, the defendant, for her services and attention. The evidence upon which the fact depended that lie did make such a provision for her, was obtained, in the manner already mentioned, from herself and this witness Bendle; and that, with the other testimony in the case, presented no more than a question of fact, to be determined by tlie jury, involving the making of this alleged gift. They discredited this evidence, and found against the title set forth by way of defense to the action; and having found the fact in this manner, upon evidence permitting that conclusion to be adopted, the verdict of the jury cannot be disturbed upon the alleged ground that it was against the weight of the evidence. The case was submitted to the jury very clearly and impartially, and no exceptions were taken to the directions given to them by the judge presiding at the trial.
There were exceptions, however, to rulings made by the court in the course of the trial, which have been relied upon as sustaining the appeal from both the judgment and the order. At the opening and also/at the close of the case the defendant’s counsel insisted that he was entitled to the affirmative, both in giving evidence and submitting the case to the jury. But he clearly was in error in taking this position, for the answer denied material allegations contained in the plaintiff’s complaint which it was necessary to meet by proof before the plaintiff could safely rest the case.
While the defendant was under examination as a witness, and when she was interrogated as to the time of her coming to this country, an objection was taken to her competency to testify under section 829 of the Code of Civil Procedure, and this objection was sustained by the court. But it is éntirely evident that it was not intended by the ruling to which the exception was then taken to wholly exclude this witness from testifying in the case, for her testimony was continued afterwards at length and in detail; and only so much of her proposed evidence as related tothe-statements of the intestate, or transactions with him, was excluded by the court; and that corrected the ruling, and applied as it should be the rule prescribed by this section of the Code. She was also asked how she came by the bonds and the securities, and her answer, upon a general objection, making no reference to her incompetency, was excluded by the court. But, for a similar reason, this exception can be of no *760 service to the defendant; for, in the course of her further examination, she testified, without objection, that the intestate handed her the pocket-book, and tliat she saw no money in it when he.gave it to her. She was, upon a like objection, at first prevented from answering the question whether she was at the residence of the intestate at his request or on her own account; but she was afterwards permitted to testify, on the cross-examination, that she went there because of a telegram received by her from her daughter. Whether the intestate paid her for her services was not an important fact in the controversy, for no payment by him was either alleged or insisted upon as a fact in the case. The presumption, accordingly, was that she had not been paid, and the exclusion of this evidence was attended with no injury to her defense. She was not competent to answer the further question whether she kept the pocket-book for the intestate or not, for it related to a transaction between herself and the deceased; and the objection to this evidence was presented as fully as that was required to be by the case of Sanford v. Ellithorp, 95 N. Y. 48. What she did with the pocket-book it was not material to inquire, inasmuch as she had already stated that it was given to her by the deceased, and she had retained it, as the fact abundantly appeared by other evidence given in the course of the trial.
The defendant also excepted to the ruling allowing proof of the fact to be made that a hundred dollars had been paid upon the debt secured by the bond and mortgage. But this evidence was beneficial to herself rather than to the plaintiff, and the exception to its admissibility is devoid of support. At the close of the trial the witness Bendle was called back to the stand, and asked whether he had the conversation with Heinrich which the latter stated he did respecting the bonds, and in which he told him that he knew nothing about them. This was excluded by the court, and an exception taken on behalf of the defendant. But this exception can be of no benefit to her, since all that she was entitled to do was to obtain from the witness any explanation that he might be able to give concerning the evidence given by the witness Heinrich. An explanation it was not proposed to obtain from him, but the inquiry was whether he had the conversation and made the statements which Heinrich testified he did. That Bendle had previously denied as broadly and completely as he could have done by answering this question; and a repetition of that denial would plainly have been of no benefit to the defendant.
There were other exceptions taken to the rulings of the court concerning the evidence, but neither of them has been found to stand upon any substantial legal ground; and it is accordingly unnecessary to examine them in detail for the disposition qf the case. It is sufficient, in conclusion, to add that'for no reason would the court be justified in setting aside the verdict or reversing the judgment which has been recovered, but both the judgment and the order should be affirmed, with costs. All concur.